IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION AS GRANTOR TRUSTEE OF THE PROTIUM MASTER GRANTOR TRUST, ) ) ) ) ) ) | |
| Plaintiff, ) ) | Case No.1 l-cv-00587-JPG-SCW |
| v. ) ) | |
| ADAM FINLEY; JEANNA A. FINLEY; MARION COUNTY SA VINGS BANK; CITY OF CENTRALIA; UNITED STATES OF AMERICA; PEOPLES NATIONAL BANK, N.A.; UNKNOWN OWNERS AND NONRECORD CLAIMANTS, ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

## JUDGMENT OF FORECLOSURE AND SALE

Cause before the Court by virtue of the Stipulation in Lieu of Trial submitted by plaintiff The Bank of New York Mellon Trust Company, National Association as Grantor Trustee of the Protium Master Granter Trustee of the Protium Master Grantor Trust and defendants United States of America, Marion County Savings Bank, and Peoples National Bank, N.A. Defendants Adam Finley, Jeanna A. Finley and City of Centralia have failed to answer or otherwise respond to the Complaint and have deemed to be in default.

The Court, having reviewed the pleadings filed herein, having taken judicial notice of the file, and having received the Stipulation, is fully informed and advised.

The Court hereby FINDS as follows:


A.	Jurisdiction

1. The following defendants were duly and properly served with process in this case and have failed to answer or otherwise defend themselves against the allegations in plaintiff's Complaint and an Order of Default has been entered against them:  Adam Finley, Jeanna A. Finley and City of Centralia.

2. The following defendants were duly and properly served with process in this case and have answered the complaint: United States of America, Marion County Savings Bank, and Peoples National Bank, N.A.

3. The Unknown Owners and Non-Record Claimants have been dismissed from the case.

4. Service of process was duly and properly made upon each of the foregoing defendants in accordance with the Illinois Code of Civil Procedure.

5. The Court has jurisdiction over the parties hereto, in addition to the subject matter hereof.

B. Evidentiary Findings

1. On June 28, 2011 plaintiff filed its Complaint wherein it requested the foreclosure of a certain hereinafter-described mortgage ("the Mortgage").

2. The Mortgage is more particularly described as follows:

    (a) Name of Instrument:  Mortgage
    (b) Date of Mortgage:  March 30, 2007
    (c) Name of Mortgagor:  Adam Finley
    (d) Name of Original Mortgagee: Mortgage Electronic Registration Systems, Inc., as Nominee for EquiFirst Corporation
    (e) Date and Place of Recording: April 5, 2007 in Marion County, Illinois
    (f) Identification of Recording:  Document Number 2007R2556
    (g) Interest Subject to Mortgage:  Fee Simple
    (h) Amount of Original Indebtedness:  $176,400.00
    (i) Legal Description and Common Address of the Property:
        Common Address:  415 South Pine Street, Centralia, Illinois 62801
Legal Description:

**EIGHTY (80) FEET OFF THE SOUTH SIDE OF LOT TWO (2) AND EIGHTY FEET OFF OF THE NORTH SIDE OF LOT (3), ALL IN BLOCK ONE HUNDRED TWO (102) OF THE RAILROAD ADDITION TO THE ORIGINAL TOWN, NOW CITY OF CENTRALIA, AS LAID OUT, PLATTED AND RECORDED BY THE ILLINOIS CENTRAL RAILROAD COMPANY. EXCEPT ALL OIL, GAS AND MINERALS UNDERLYING SAID PREMISES, WITH THE RIGHT TO MINE AND REMOVE THE SAME, SITUATED IN THE COUNTY OF MARION AND STATE OF ILLINOIS.**

**62801, TAX PARCEL NUMBER: 14-00-056-470.**

(j)    Statement as to Defaults:  Adam Finley failed to make payments in accordance with the Note and Mortgage.  Plaintiff accelerated the indebtedness described in the Note and Mortgage and has declared the entire balance thereon to be immediately due and payable.  The amount due and owing under the Note and Mortgage, exclusive of foreclosure costs, is as follows:

| | |
|---|---|
| Unpaid principal balance- | $169,775.66 |
| Accrued interest at $38.84 per day due and unpaid as of April 27, 2012- | $ 18,697.89 |
| Late fees- | $     753.02 |
| Attorneys' fees and costs- | <u>$ 13,986.00</u> |
| TOTAL- | $203,212.57 |

Additional interest continues to accrue under the Note and Mortgage at the rate of $38.84 per day.

(k)    Present Owners of the Property:  Adam Finley and Jeanna Finley

(l)    Names of Other Persons Who Are Joined as Defendants and Whose Interests in or Liens on the Mortgaged Real Estate are Sought to be Terminated:

   i. City of Centralia

(m)    Names of Other Person Who Are Joined as Defendants and Whose Interests are deemed subordinate to Plaintiffs, with priority in the following order:

      i. Marion County Savings Bank in the amount of $10,555.62

      ii. United States of America in the amount of $273,568.26

      iii. United States of America in the amount of $4759.56

      iv. Peoples National Bank, N.A. in the amount of $10,772.59

      v. Peoples National Bank, N.A. in the amount of $138,714.78

    (n)    Names of Defendants Claimed to be Personally Liable for Deficiency: Adam Finley

    (o)    Capacity in Which Plaintiff Brings this Foreclosure: Plaintiff is the legal holder of the subject indebtedness.

    C.    Allegations Deemed Proven

1.    Plaintiff's Complaint complies with the requirements set forth in 735 I.L.C.S. 5/15-1504(a) and 28 U.S.C. §2410. As such, plaintiff is deemed to have proven the allegations set forth in 735 I.L.C.S. 5/15-1504(c) and 28 U.S.C. §2410, which allegations are hereinafter set forth.

2.    On the date indicated in plaintiff's Complaint the obligor of the indebtedness or other obligations secured by the Mortgage was justly indebted in the amount of the indicated original indebtedness to the original mortgagee or the payee of the mortgage note.

3.    The exhibits attached to plaintiff's Complaint include true and correct copies of the Mortgage and promissory note it secures and those exhibits are hereby admitted into evidence in this matter.

4.    The mortgagor was on the date indicated the owner of the interest in the Property and had as of that date made, executed, and delivered the Mortgage as security for a promissory note or other obligations.

5. The Mortgage was recorded in the county in which the Property is located on the date indicated, and in the book and page or as the document number indicated.

6. Default occurred as indicated in plaintiff's Complaint and the affidavits offered on behalf of plaintiff.

7. At the time plaintiff filed its Complaint the persons and entities named as present owners were the owners of the indicated interests in and to the Property.

8. The Mortgage constitutes a valid, prior, and paramount lien upon the indicated interest in the Property, which lien is prior and superior to the right, title, interest, claim, or lien of all parties and non-record claimants whose interests in the Property were sought to be terminated.

9. By reason of the defaults alleged and proven, and if the indebtedness has not matured by its terms, the same has become due by the exercise, by plaintiff or other persons having such power, of a right or power to declare immediately due and payable the whole of all indebtednesses secured by the Mortgage.

10. Any and all notices of default or election to declare the indebtedness due and payable or other notices required to be given have been duly and properly given.

11. Any and all periods of grace or other periods of time allowed for the performance of the covenants or conditions claimed to breached or for the curing of any breaches have expired.

12. The amounts indicated in the statement in plaintiff's Complaint are correctly stated and if such statement indicates any advances made or to be made by plaintiff or owner of the mortgage indebtedness, such advances were, in fact, made or will be required to be made and

under and by virtue of the Mortgage the same constitute additional indebtedness secured by the Mortgage.

    D.    Fees and Costs

    1.    Plaintiff has been compelled to employ and retain attorneys to prepare and file its Complaint and to represent and advise plaintiff in the foreclosure of the Mortgage. Plaintiff has and will thereby become liable for the usual, reasonable, and customary fees of its attorneys in that regard.

    2.    Plaintiff has been compelled to advance, or will be compelled to advance, various sums of money in order to pay costs, fees, expenses, and disbursements incurred in connection with its foreclosure. Those items include, but are not limited to, the following: filing fees, stenographer's fees, publication costs, costs of procuring and preparing documentary evidence, and title-related costs.

    3.    Pursuant to the terms of the Mortgage, all such advances are made a lien upon the Property and plaintiff is entitled to recover the same, together with interest thereon at the rate set forth in the Mortgage or, if no such rate is set forth, that the statutory rate, from the date on which such advances were made.

    4.    In order to protect the lien of the Mortgage against the Property, it may or has become necessary for plaintiff to pay taxes and assessments that have been or may be levied on or against the Property.

    5.    In order to protect and preserve the Property, it has or may also become necessary for plaintiff to pay fire or other hazard insurance premiums for the Property or to make such repairs to the Property as may reasonably be deemed for the necessary preservation thereof.

6. Pursuant to the terms of the Mortgage, any moneys so paid or expended has or will become an additional indebtedness secured by the Mortgage and will bear interest at the rate set forth in the Mortgage or, if no such rate is set forth, at the statutory rate, from the date on which they were paid or expended.

E. Ultimate Findings

1. The Stipulation in Lieu of Trial is deemed accepted.

2. Plaintiff is entitled to proceed pursuant to 735 I.L.C.S. 5/15-1506(a) (2). The allegations in plaintiff's Complaint are true and correct as set forth and the equities in this matter are with plaintiff. As such, plaintiff is entitled to the relief requested in its Complaint including the foreclosure of the Mortgage against the Property in order to recover the amount set forth in Section B, Paragraph 2(j)-(k) together with all interest having accrued thereon after the entry of this Judgment of Foreclosure and additional court costs, including publication costs and expenses of sale.

3. The following defendants are found and declared to have no interest in the Property for the reason that they have offered no evidence of any such interests: City of Centralia.

4. The Mortgage is prior and superior to all other mortgages, liens, and claims of interest against the Property except for real estate taxes and special assessments, if any.

5. Plaintiff is entitled to recover its fees and costs pursuant to the terms of the Mortgage and the promissory note it secures. The fees and costs allowed herein are fair, reasonable, and proper and should be added to and become part of the indebtedness due to plaintiff.

The Court hereby **ORDERS, DECREES, AND ADJUDGES** as follows:

    F.      Orders Upon Request for Foreclosure

    1.      Plaintiff requested foreclosure of the Mortgage in its Complaint and is therefore entitled to the benefit of the provision set forth under applicable state law pursuant to 735 I.L.C.S. 5/15-1504(e) and 28 U.S.C §§2001 and 2002.

    2.      An accounting has been taken under the direction of the Court to determine the amounts due and owing to plaintiff as declared herein.

    3.      Defendants are ordered to pay to plaintiff before expiration of any redemption period whatever sums may appear to be due upon the taking of such account, together with attorneys' fees and costs of the proceedings (to the extent provided in the Mortgage or by law).

    4.      In default of such payment, the Property shall be sold as directed by this Court in order to satisfy the amount due to plaintiff together with post-judgment interest at the statutory rate.

    5.      In the event plaintiff is the purchaser of the Property at such sale, it may offset against the purchase price of the Property the amount due and owing to it under this Judgment for Foreclosure and any order confirming sale.

    6.      In the event of such a sale and the failure of the person entitled thereto to redeem prior to such sale pursuant to statutory provisions, the defendants made parties to this action in accordance with statutory provisions, and all non-record claimants given notice of the foreclosure in accordance with statutory provisions, and all persons claiming by, through, or under them, and each and any and all of them, shall be forever barred and foreclosed of any right, title, interest, claim, lien, or right to redeem in and to the Property.

7. If no redemption is made prior to such sale, a deed shall be issued to the purchaser according to law and such purchaser shall be let into possession of the Property in accordance with statutory provisions.

8. Judgment by default is entered in favor of plaintiff and against defendants Adam Finley, Jeanna Finley, and City of Centralia.

G. Orders Upon Special Matters

1. The sale shall be by public auction.

2. The sale shall be by open and verbal bid.

3. The sale shall be conducted by the Judicial Sales Corporation, 1 South Wacker Drive, Chicago, Illinois 60606.

H. Sale Officer's Sale

1. The Property is ordered to be sold in accordance with statutory provisions.

2. Upon expiration of any redemption periods, the Property shall be sold at a sale as provided in this Judgment of Foreclosure, to-wit:

    a) The place of the sale shall be the Marion County, Illinois Courthouse; and

    b) The time and date of the sale shall be set by plaintiff after the expiration of defendants' redemption period;

3. Notice of Sale: The mortgagee, and/or any such other party designated by this Court, shall be given public notice of any sale pursuant to this Judgment of Foreclosure, to-wit:

    a) The notice of sale shall including the following information, but an immaterial error in that information shall not invalidate the legal effect of said notice:

        i) the name, address, and telephone number of the person to contact for information regarding the Property;

        ii)      the common address and other common description (other than the legal description), if any, of the Property;

        iii)     the legal description of the Property sufficient to identify it with reasonable certainty;

        iv)     a description of the improvements upon the Property;

        v)      the time and place of the sale;

        vi)     the terms of the sale

        vii)    the case title, case number, and the court in which the foreclosure was filed; and

        viii)   no other information is required.

    b)     The notice of sale shall be published for at least four (4) consecutive calendar weeks (Sunday through Saturday), once in each week, the first such notice to be published not more than forty-five (45) days prior to the sale and the last such notice to be published not more than seven (7) days prior to the sale by:

        i)      advertisement in a newspaper circulated to the general public in the county in which the Property is located, in the section of the newspaper where legal notices are commonly placed and two (2) separate advertisements in the section of such newspaper, which may be the same newspaper, in which real estate other than the Property being sold as part of this legal proceeding is commonly advertised to the general public; provided, that the separate advertisements in the real estate section need not include a legal description and that where both advertisements could be published in the same newspaper and that newspaper does not have separate legal notices and real estate advertisement sections, a single advertisement with the legal description shall be sufficient; and

    ii) such other publications as may be further ordered by this Court.

 c) The party who provides notice of the sale shall also provide notice to all parties who appeared in this action and have not heretofore been found to be in default for failure to plead.  Such notice shall be given in the manner provided in the applicable rules of Court for service of papers other than process and complaint, not more than forty-five (45) days nor less than seven (7) days prior to the date of the sale.  After notice is provided as required herein, a copy thereof shall be electronically filed together with a certificate of counsel or other proof that notice has been served in compliance herewith.

 d) The party who provides notice shall again provide notice of any adjourned sale; provided, however, that if the adjourned sale is to occur less than sixty (60) days after the last scheduled sale, notice of any adjourned sale need not be given.  In the event of adjournment, the person conducting the sale shall, upon adjournment, announce the date, time, and place upon which the adjourned sale shall be held.  Notwithstanding any language to the contrary, for any adjourned sale that is to be conducted more than sixty (60) days after the date on which it was to first be held, the party providing notice of such sale shall again provide notice.

 e) Notice of sale may be provided prior to the expiration of any redemption periods.

 f) No other notice by publication or posting shall be necessary unless required by order or rule of this Court.

 g) The person named in the notice of sale to be contacted for information about the Property may, but shall not be required to, provide additional information other than that set forth in the notice of sale.

 4. Election of Property:  If the Property is susceptible to division, this Court may order it to be sold as necessary to satisfy this Judgment of Foreclosure.  This Court shall

determine which portion of the Property shall be sold and the order in which separate tracts shall be sold.

5. Receipt of Sale: Upon the sale of the Property, the person conducting the sale shall give a receipt of sale to the purchaser. The receipt of sale shall described the real estate purchased and shall show the amount bid, the amount paid, the total amount paid to date, and the amount still to be paid. An additional receipt of sale shall be given at the time of each subsequent payment.

6. Certificate of Sale: Upon payment in full of the amount bid, the person conducting the sale shall issue, in duplicate, and give to the purchaser a certificate of sale. The certificate of sale shall be in a recordable form, describe the real estate purchase, indicate the date and place of sale, and show the amount paid. The certificate of sale shall further indicate that it is subject to confirmation by this Court. The duplicate certificate of sale may be recorded in accordance with 735 I.L.C.S. 5/12-1221. The certificate of sale shall be freely assignable by endorsement thereon.

7. Interest After Sale: Any bid at sale shall be deemed to include, without the necessity of further order by this Court, interest at the statutory judgment rate on any unpaid portion of the sale price from the date of sale to the date of payment.

I. Transfer of Title

1. Upon or after confirmation of sale, this Court, or the person who conducted the sale or such person's successor, shall upon the request of the holder of the certificate of sale (or the purchaser if no certificate of sale was issued), promptly execute a deed to said holder or purchaser sufficient to convey title. Such deed shall identify this Court and the caption of the case in which this Judgment of Foreclosure was entered authorizing the issuance of the deed.

Signature and the recital in the deed of the title or authority of the person signing the deed as grantor, of authority pursuant to this Judgment of Foreclosure and of the giving of such notices required by statute shall be sufficient proof of the fact recited and of such authority to execute the deed, but such deed shall not be construed to contain any covenant on the part of the person executing it.

      2.      Delivery of the deed executed on the sale of the Property, even if the purchaser or holder of the receipt of sale or certificate of sale is a party to the foreclosure, shall be sufficient to pass the title thereto. Such conveyance shall be an entire bar of (i) all claims of parties to the foreclosure, and (ii) all claims of any non-record claimant or unknown owner who was given notice of the foreclosure as provided by statute.

      J.      Application of Proceeds

      1.      The proceeds resulting from the sale ordered herein shall be applied in the following order:

      a)      the reasonable expenses of sale;

      b)      the reasonable expenses of securing possession before sale, holding, maintaining, and preparing the Property for sale, including payment of taxes and other governmental charges, premiums for hazard and liability insurance, management fees, and, to the extent provided for in the Mortgage or other recorded agreement and not prohibited by law, the reasonable attorneys' fees, payments made pursuant to 735 I.L.C.S. 5/15-1505, and other legal expenses incurred by the mortgagee.

    c)  the satisfaction of claims in order of priority adjudicated in this Judgment of Foreclosure or any subsequent Order confirming sale; and

    d)  remittance of any surplus as otherwise directed by this Court.

 K. Redemption

 1. The only persons entitled to redeem are the owners of the Property.

 2. The redemption period of the owners of redemption shall end seven (7) months from the date the last mortgagor, described herein, was served with process or three (3) months from the date of entry of this judgment, whichever is later. The redemption period in this matter shall expire on July 27, 2012.

 3. The amount required to redeem shall consist of the principal and accrued interest secured by the Mortgage and due as of the date of this Judgment of Foreclosure, all costs allowed by law, costs and expenses approved by this Court, additional costs, expenses, and reasonable attorneys' fees incurred by the mortgagee, all amounts paid pursuant to 735 I.L.C.S. 5/15-1505, per diem interest from the date of this Judgment of Foreclosure to the date of redemption calculated at the rate of interest set forth in the Mortgage as if no default had occurred, and all additional costs and expenses allowed by this Court.

 L. Other Matters

 1. Report of Sale: The person conducting the sale shall file a report of sale with the clerk of this Court specifying the amount of proceeds of sale realized and the disposition thereof.

 2. Possession: Plaintiff is authorized to take possession of the Property upon and after default by the terms of the Mortgage. Plaintiff has prevailed upon a final hearing of this cause and the property is vacant. Plaintiff has requested to be placed in possession of the Property, and defendant-mortgagor have neither objected nor shown good cause for hereafter

retaining possession of the Property. After the entry of this Judgment of Foreclosure, plaintiff shall have exclusive possession of the Property and after the sale ordered herein the holder of the receipt of sale shall have plaintiff's right to be placed in possession of the Property.

    3.    Waiver of Homestead: Defendant-Mortgagor has waived its right to homestead or other exemptions in the Property pursuant to the terms of the Mortgage, which were duly signed and acknowledged, and said defendant-mortgagor is therefore barred from claiming any right to homestead or other exemptions in the Property.

    4.    Appealability: There is no just reason to delay enforcement of or appeal from this Judgment of Foreclosure, which is a final and appealable order.

**IT IS SO ORDERED.**
**DATED:** May 1, 2012

                                                    s./ J. Phil Gilbert
                                                    **J. PHIL GILBERT**
                                                    **DISTRICT JUDGE**